UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS A. RODRÍGUEZ-RIVERA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 09-1034 (JAF)

(Crim. No. 05-321)

**OPINION AND ORDER**

Petitioner, Luis A. Rodríguez-Rivera, brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent, the United States of America, opposes (Docket No. 4), and Petitioner replies (Docket No. 5).

**I.**

**Factual and Procedural History**

On September 28, 2005, a federal grand jury indicted Petitioner on charges of conspiring to accept bribe payments in violation of 18 U.S.C. § 371, and accepting bribe payments in violation of 18 U.S.C. § 201(b)(2)(A). (Docket No. 1.) On August 22, 2006, a jury acquitted Petitioner on the charge of conspiracy but found him guilty on the charge of accepting bribe payments. (Id.) We sentenced Petitioner to forty-eight months in prison. (Id.) Petitioner appealed, and on September 28, 2007, the First Circuit affirmed his sentence. United States v. Rodríguez-Rivera, No. 07-1041 (1st Cir. Sept. 28, 2007).

Petitioner claims that, during his trial, he sought to advance a defense theory based on 5 C.F.R. § 2635.204(b), which permits a public employee to accept a gift if it is "given under

circumstances which make it clear that the gift is motivated by a family relationship or personal friendship rather than the position of the employee." (See, e.g., Docket No. 1-2 at 2.) The trial court refused to admit the regulation into evidence, however, deciding that it did not apply to Petitioner's case. (Id. at 5-6.) Petitioner faults his trial and appellate counsel for not pressing that defense and not disputing the erroneous exclusion of the regulation. (See, e.g., id. at 5.) Further, according to Petitioner, evidence submitted by the Government during trial, including an exhibit (id. at 10-12) and testimony by two witnesses (id. at 12-14), was both inaccurate and crucial to the Government's case. Petitioner also alleges that his appellate counsel, who was court appointed (Docket No. 1 at 13), neglected to obtain a transcript of the trial. (See Docket No. 1-2 at 9.)

Petitioner moved for § 2255 relief on December 15, 2008. (Docket No. 1.) Respondent opposed on February 27, 2009 (Docket No. 4), and Petitioner replied on March 16, 2009 (Docket No. 5).

## II.

## **Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts that his conviction is unconstitutional because (1) his trial and appellate counsel were ineffective, for reasons enumerated below; (2) Prosecutor obtained Petitioner's conviction through the knowing use of false evidence; and (3) Petitioner is actually innocent. (Docket No. 1.) We address each assertion in turn.

### A. Ineffective Assistance of Counsel

Petitioner asserts ineffective assistance in that (1) trial counsel did not request jury instructions on Petitioner's defense theory based on 5 C.F.R. § 2635.204(b) (Docket No. 1-2 at 2); (2) trial counsel did not object to the trial court's failure to give jury instructions on Petitioner's theory (id. at 3); (3) appellate counsel did not appeal said failure (id. at 4); (4) trial counsel did not object to Prosecutor's invalid objection to, and trial court's erroneous exclusion of, material, admissible evidence (id. at 5); (5) appellate counsel did not appeal said erroneous exclusion (id. at 8); (6) appellate counsel did not obtain a full transcript (id.); (7) appellate counsel did not "raise a meaningful appeal" (id. at 9); (8) appellate counsel did not make an actual innocence appeal based on 5 C.F.R. § 2635.204(b) (id.); (9) trial counsel did not investigate evidence (id. at 10); and (10) trial counsel neither interviewed nor presented testimony of a witness requested by Petitioner (id. at 12).

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686-96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

Petitioner's trial counsel explicitly requested judicial notice of the regulation, and the court refused. (Docket No. 1-2 at 5-6.) Thus, the regulation was not in evidence, and trial counsel could not have requested jury instructions based on it. See United States v. McGill, 953 F.2d 10, 12 (1st Cir. 1992) ("[A]n accused is entitled to an instruction on his theory of defense so long as . . . there is evidence in the record to support it." (emphasis added) (quoting United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir. 1988))). Therefore, claims (1)-(3) of the instant petition demonstrate no deficiency on the part of Petitioner's counsel and fail as grounds for ineffective assistance of counsel.

Claim (4) similarly fails because Petitioner's trial counsel, who had explicitly offered the regulation into evidence, had no obligation to object to the trial court's subsequent decision excluding it. See Fed. R. Evid. 103(a) ("Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

Claim (5) fails as well. In order for Petitioner to show that appellate counsel provided ineffective assistance in failing to object to the trial court's exclusion of the regulation, he needs to show both deficiency and prejudice. See Strickland, 466 U.S. at 686-96. The regulation, in fact, could not have provided a basis for Petitioner's defense. The exceptions enumerated under 5 C.F.R. § 2635.204 provide no defense for a violation of 18 U.S.C. § 201(b). See 5 C.F.R. § 2635.202(c)(4)(i). Because a defense theory based on the regulation would have been meritless, appellate counsel had no obligation to pursue the issue on appeal. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) ("[Counsel is] under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel."). The same reasoning eviscerates Petitioner's claim (8).

As to claim (6), Petitioner asserts appellate counsel's ineffective assistance for failure to obtain a trial transcript. (Docket No. 1-2 at 8-9.) Though this alleged conduct may constitute a deficiency on counsel's part, the deficiency alone cannot amount to ineffective assistance; Petitioner was required to show how the failure prejudiced his case. Because Petitioner asserts no facts that show prejudice due to the alleged failure to obtain a trial transcript (see id.), we reject this as grounds for ineffective assistance.

Claim (7) fails as an independent ground for ineffective assistance, as it merely reiterates factual claims (3), (5), (6), and (8). (See id. at 9.)

Claims (9) and (10) allege that trial counsel was ineffective for failure to investigate and dispute the accuracy of evidence submitted by the Government. (Id. at 10-14.) Here, we find neither deficiency nor prejudice. The trial record indicates that Petitioner was aware of, and

Civil No. 09-1034 (JAF) -6-

testified regarding, this evidence by the Government. (See Trial Tr. 22-33, 42, Aug. 21, 2006.[1]) Thus, the alleged failure of Petitioner's trial counsel to investigate and dispute the evidence is illusive.

**B.    Prosecutor's Knowing Use of False Evidence**

Petitioner alleges that the Government relied on evidence that it knew or should have known was false and that this evidence was material to his conviction. (Docket No. 1-2 at 14-15.)

In a federal criminal trial, the prosecutor violates the accused's Fifth Amendment right to due process if the prosecutor knowingly allows the factfinder to be misled by false evidence from the prosecutor's witnesses. See Giglio v. United States, 405 U.S. 150 (1972); Mooney v. Holohan, 294 U.S. 103 (1935). But "[w]hen the defendant knows about the false testimony and fails to bring it to the jury or the court's attention, the assumption is that he did so for strategic reasons." United States v. Mangual-Garcia, 505 F.3d 1, 10-11 (1st Cir. 2007). Under those circumstances, the accused may not later challenge the prosecutor's behavior. See id.

The allegedly false evidence pertains to Petitioner's claims (9)-(10). We have already determined that Petitioner knew about, and testified regarding the veracity of, the allegedly-false evidence. Thus, even assuming arguendo the evidence was false, and that the prosecutor so knew, Petitioner has failed to articulate a constitutional violation that undermines our confidence in his conviction.

---

[1] A copy of the referenced trial transcript is available at Crim. No. 05-cr-00321 Docket No. 88.

Civil No. 09-1034 (JAF) -7-

### C.   Actual Innocence

Petitioner alleges that, due to its reliance on false evidence and on the erroneous exclusion of 5 C.F.R. § 2635.204(b), and due to exculpatory testimony by the Government's main witness, the Government failed to adduce evidence sufficient to support his conviction. (Docket No. 1-2 at 15-16.)  Petitioner invites us to consider his sufficiency of the evidence claim, despite his not having raised it on direct appeal, due to his actual innocence.[2]  (Id.)

Sufficiency of the evidence is a federal constitutional claim; the evidence in support of a conviction must be sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 317, 320-21 (1979).  Generally, sufficiency of the evidence must be raised on direct appeal; if it is not, a § 2255 petitioner may not raise it unless extraordinary circumstances compel waiver of this procedural bar.  See Awon v. United States, 308 F.3d 133, 142-43 (1st Cir. 2002).  Such extraordinary circumstances include actual innocence, but the "actual innocence exception is quite narrow and seldom used." Id. at 143 (citing Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999); see also id. ("[The actual innocence exception] is reserved for the extraordinary cases of 'fundamentally unjust incarceration.'" (quoting Schlup v. Delo, 513 U.S. 298, 320-21 (1995))).

The claim of actual innocence must set forth factual innocence, not mere legal insufficiency.  See id. (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To demonstrate actual innocence, a petitioner "must establish that, in light of new evidence, it is more likely than

---

[2] Though Petitioner's claim is entitled "actual innocence," we construe it as a claim for insufficiency of the evidence, as Petitioner may not obtain relief under § 2255 via a bare claim of actual innocence.  See 28 U.S.C. § 2255; cf. Herrera v. Collins, 506 U.S. 390 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008) (internal quotation marks omitted) (quoting House v. Bell, 547 U.S. 518, 536-37 (2006)).

In this case, Petitioner argues that the the purported 5 C.F.R. § 2635.204(b) exception to criminal liability renders him actually innocent. In addition, he maintains that evidence that would have controverted the Government's false evidence, along with an exculpatory statement by the Government's main witness, demonstrate his factual innocence. As to the regulation, we have already found that it cannot provide a basis for Petitioner's actual innocence. See supra Part III.A. As to the remaining evidence to which Petitioner points, we find that neither testimony from Petitioner's trial nor arguments Petitioner reiterates from his trial defense constitutes new evidence. As Petitioner failed to demonstrate actual innocence, we decline to consider his defaulted insufficiency-of-the-evidence claim.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this petition, because it is plain from the record that Petitioner is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 4th day of December, 2009.

                  S/José Antonio Fusté
                  JOSE ANTONIO FUSTE
                  Chief U.S. District Judge